**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**RAYMOND TYLICKI,**

                                   **Plaintiff,**

                                                              **1:07-CV-910**
                  **v.**                                       **(GLS/RFT)**

**JOHN RYAN, former Chancellor of**
**SUNY person; JOSEPH MOORE, person,**
**SUNY Empire State College; JOSEPH**
**FRANZ, person, SUNY Empire State**
**College; DEBORAH WARZEL, person,**
**SUNY Empire State College; NAN**
**DEBELLO, SUNY Empire State College;**
**RICHARD P. MILLS, Chancellor of the**
**University of the State of New York**
**(USNY); and THE GOVERNOR OF THE**
**STATE OF NEW YORK ELIOT SPITZER,**

                                   **Defendants.**

---

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**

RAYMOND TYLICKI
Plaintiff, *Pro Se*
Last Known Address
130 Genesee Street
Buffalo, New York 14203

**FOR THE DEFENDANTS:**

NO APPEARANCES ON RECORD

**Gary L. Sharpe**
**U.S. District Judge**

## <u>DECISION AND ORDER</u>

The court cannot locate *pro se* plaintiff, Raymond Tylicki.

Accordingly, it considers *sua sponte* Tylicki's noncompliance with this

Court's October 18, 2007 and January 10, 2008 orders, and this District's

Local Rules, by failing to notify the court of his current address and by not

prosecuting his action.

On September 4, 2007, Raymond Tylicki filed a complaint in the

above captioned action.  *See Dkt. No. 1.*  The Clerk's Office mailed a Pro

Se Handbook and Notice to the plaintiff at the time of the filing of the

complaint. *See Dkt. No.* 3.  On October 18, 2007, Tylicki's complaint was

dismissed and he was ordered to file an amended complaint within 30

days.  *See Dkt. No. 4.*  Tylicki failed to do so, despite warning that such

failure would result in dismissal of his action.  *Id.*  On December 12, 2007,

the Pro Se Handbook and Notice mailed to the plaintiff's last known

address, was returned to sender - Not Deliverable as Addressed - Unable

to Forward.  *See Dkt. No.* 5.  On January 10, 2008, the Clerk's Office

resent the Pro Se Handbook and Notice.  Also included was a court order

2

instructing the plaintiff to verify or submit his current address to the court

within 14 days or face *sua sponte* dismissal of his action.  This

correspondence was not returned to the court as undeliverable.  As of the

date of this order, Tylicki has failed to respond.

This district has expended considerable effort in order to familiarize

*pro se* litigants with this District's Local Rules by reminding them of their

obligations in various documents and orders mailed to them, and by

preparing a Pro Se Handbook that is easily accessible.  See

http://www.nynd.uscourts.gov.

As relevant to the matter at hand, Local Rule ("L.R.") 10.1(b)

provides:

> **All ... pro se litigants must immediately notify the court of
> any change of address.**  The notice of change of address is to
> be filed with the clerk of the court and served on all other
> parties to the action.  The notice must identify each and every
> action for which the notice shall apply.... (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a

change of address in accordance with L.R. 10.1(b) may result in the

dismissal of any pending action."

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil

Procedure, which affords the court discretionary authority to dismiss an

3

action because of the failure to prosecute or to comply with any order of the

court.  *Link v. Wabash R.R. County Indep. Sch. Dist.*, 370 U.S. 626 (1962);

*see also Lyell Theater Corp. v. Loews Corp.*, 628 F.2d 37 (2d Cir. 1982).

For the orderly disposition of cases, it is essential that litigants honor their

continuing obligation to keep the court informed of address changes.

*Michaud v. Williams*, No. 98cv1141,1999 WL 33504430, at *1 (N.D.N.Y.

Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998)

(Pooler, J.)).  As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the
> district courts undertake independently to maintain current
> addresses on all parties to pending actions.  It is incumbent
> upon litigants to inform the clerk of address changes, for it is
> manifest that communications between the clerk and the parties
> or their counsel will be conducted principally by mail.  In
> addition to keeping the clerk informed of any change of
> address, parties are obliged to make timely status inquiries.
> Address changes normally would be reflected by those
> inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* No*.* 95cv1525, 1996 WL 172699, at

*1 (N.D.N.Y. Apr. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions

when litigants have failed to abide by either the Local Rules or orders

related to address changes, and have subsequently failed to prosecute

4

their actions.  *See Williams v. Faulkner*, No. 95cv741, 1998 WL 278288

(N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at *1; *Fenza*,

177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.  However, the

Second Circuit has recently reemphasized that courts invoking a 41(b)

dismissal must first consider the following "five factors: '[1] the duration of

the plaintiff's failures, [2] whether plaintiff had received notice that further

delays would result in dismissal, [3] whether the defendant is likely to be

prejudiced by further delay, [4] whether the district judge has take[n] care to

strik[e] the balance between alleviating court calendar congestion and

protecting a party's right to due process and a fair chance to be heard ...

and [5] whether the judge has adequately assessed the efficacy of lesser

sanctions.'" *Ferran v. Office of Dist. Atty. of County of Rensselaer*, No. 05-

2978-cv, 2008 WL 146918, at *1 (2d Cir. Jan. 15, 2008) (quoting *Jackson*

*v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994)).

    In the current instance, it has been more than two months since the

court's correspondence to Tylicki was returned as undeliverable.

Subsequent orders to Tylicki, informing him that he must update his

address or face dismissal of his action, have gone unanswered.  Tylicki's

oversight is compounded by the fact that he has properly updated his

address in past actions, and is thus well aware of his obligation to keep the court informed of his current residence.  (See, e.g., 1:06-cv-221, Dkt. No. 12.)

The court recognizes that it is of the utmost importance to safeguard a plaintiff's due process rights and to provide him his day in court. However, courts must at some point divest their docket of actions filed by persistently remiss plaintiffs.  It is manifestly unjust to subject the defendants herein to an ongoing limbo while all concerned await the reappearance of Tylicki.  Therefore, having given Tylicki ample opportunity to rectify his lapse, and perceiving no lesser sanction of equal efficiency, the court deems it proper to dismiss his action.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED**, that Tylicki's action is **DISMISSED** in its entirety for failure to notify the court of his current address, for failure to prosecute, and for failure to comply with this court's October 18th and January 10th Orders; and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED** that the Clerk serve copies of this Order to the parties by

6

regular mail; and it is further

>    **ORDERED** that the Clerk serve Tylicki at his last known address.

**IT IS SO ORDERED.**

**Dated:      February 26, 2008**
**            Albany, New York**

Gary L. Sharpe
U.S. District Judge

7